**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0103-23

DWIGHT L. WRIGHT,

     Plaintiff-Appellant,

v.

DEUTSCHE BANK NATIONAL
TRUST COMPANY, AS TRUSTEE
FOR THE REGISTERED HOLDERS
OF MORGAN STANLEY ABS
CAPITAL I INC. TRUST 2007-HE7
MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007 HE7,

     Defendant-Respondent.

_____

Submitted April 2, 2025 – Decided April 9, 2025

Before Judges Mayer and DeAlmeida.

On appeal from the Superior Court of New Jersey, Law Division, Salem County, Docket No. L-0169-21.

Dwight L. Wright, appellant pro se.

Stradley, Ronon, Stevens & Young, LLP, attorneys for respondent (Christopher A. Reese, on the brief).

PER CURIAM

Plaintiff Dwight L. Wright appeals from an August 4, 2023 order denying his motion to vacate a February 17, 2023 summary judgment order entered in favor of defendant Deutsche Bank National Trust Company, as Trustee for the Registered Holders of Morgan Stanley ABS Capital I Inc. Trust 2007-HE7 Mortgage Pass-Through Certificates, Series 2007-HE7. We affirm.

Plaintiff, represented by counsel, filed a complaint challenging defendant's interest, ownership, and standing to enforce a promissory note and mortgage. The complaint also sought to quiet title and requested other relief. Defendant filed an answer.

In December 2022, defendant moved to extend discovery, which the judge denied in a January 20, 2023 order. On January 6, 2023, while the discovery extension motion was pending, defendant moved for summary judgment. Plaintiff failed to oppose the motion. The motion judge granted defendant's unopposed summary judgment motion in a February 17, 2023 order.

Two months later, plaintiff's attorney filed a motion for summary judgment. Plaintiff's counsel subsequently withdrew the motion on May 26, 2023, because counsel learned defendant obtained summary judgment on February 17.

2

On July 18, 2023, plaintiff, through his attorney, moved to vacate the summary judgment order. Defendant opposed the motion.

The motion judge entered an August 4, 2023 order, with an attached memorandum of law, denying plaintiff's motion to vacate. The judge analyzed plaintiff's motion under Rule 4:50-1(a) because plaintiff failed to allege fraud under Rule 4:50-1(c) or any other grounds for vacating a judgment.

Plaintiff alleged excusable neglect under Rule 4:50-1(a) "because he mistakenly believed [defendant's] summary judgment would be withdrawn because there was a pending motion to extend discovery." The judge explained the court's computer filing system, known as eCourts, "confirm[ed] [p]laintiff's counsel was electronically notified when the motion to extend discovery was denied on January 20, 2023 (four days before opposition to the motion for summary judgment was due)." The judge noted plaintiff's attorney received two additional notices from eCourts related to defendant's pending motion for summary judgment. The judge stated, "No correspondence was sent to the court in response to these notifications and there was nothing in the record to reasonably show that the summary judgment motion was withdrawn or would not be decided by the court."

A-0103-23

Based on these facts, the judge explained, "Plaintiff was given multiple notifications the summary judgment motion was still ongoing and had every chance to oppose it or request additional time to respond." Further, the judge noted, "Nothing was filed [by plaintiff] until months later . . . on issues that had already been dismissed." Thus, the judge found plaintiff failed to demonstrate excusable neglect.

Additionally, the motion judge found "[p]laintiff failed to show a meritorious defense." As the judge explained, plaintiff's certification in support of his motion to vacate summary judgment did "not attach evidence to support any of the allegations made, nor does it show how [p]laintiff ha[d] personal knowledge as to every allegation." The judge concluded plaintiff failed to "engage[] in the discovery process at all" and "the discovery end date lapsed on September 28, 2022." The judge found there was no outstanding discovery precluding summary judgment for defendant as a matter of law.

On appeal, plaintiff, now self-represented, argues the judge erred in denying his motion to vacate the February 17, 2023 summary judgment order. We disagree.

A motion for relief under Rule 4:50-1 should be granted sparingly and is left to sound discretion of the trial court. Badalamenti v. Simpkiss, 422 N.J.

4

Super. 86, 103 (App. Div. 2011). We will not disturb a trial court's ruling on a motion to vacate a judgment absent a clear abuse of discretion. U.S. Bank Nat'l Ass'n v. Guillaume, 209 N.J. 449, 467 (2012). "[A]buse of discretion only arises on demonstration of 'manifest error or injustice,'" Hisenaj v. Kuehner, 194 N.J. 6, 20 (2008) (quoting State v. Torres, 183 N.J. 554, 572 (2005)), and occurs when the trial court's decision is "made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis." Guillaume, 209 N.J. at 467 (quoting Iliadis v. Wal-Mart Stores, Inc., 191 N.J. 88, 123 (2007)).

To obtain relief under Rule 4:50-1(a), the moving party must demonstrate both excusable neglect and a meritorious defense. Dynasty Bldg. Corp. v. Ackerman, 376 N.J. Super. 280, 285 (App. Div. 2005). Here, plaintiff failed to demonstrate either. Plaintiff received three separate notices directed to his attorney through eCourts regarding defendant's pending summary judgment motion. Despite receipt of the court notices and ample opportunity to file opposition to defendant's summary judgment motion or, alternatively, request an adjournment, plaintiff failed to take any action. Under the circumstances, we are satisfied the motion judge did not abuse his discretion in denying plaintiff's motion to vacate the February 17, 2023 summary judgment order.

A-0103-23

To the extent we have not addressed any of plaintiff's remaining arguments, they are without sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-0103-23